UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWIN ZAPATA, on behalf of himself, and others similarly situated,

    Plaintiff,

-against-

OLIVIERO CAFE, and HARRY HONGKI KIM,

    Defendants.

Case No.: 15 CV 3237

JUDGE RAMOS

**FLSA COMPLAINT**

**ECF CASE**

---

Plaintiff, Edwin Zapata ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Oliviero Cafe (herein, "Oliviero"), and Harry Hongki Kim (collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) statutory penalties for failure to provide accurate and mandatory written wage notices on a weekly and annual basis; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiff is a resident of Bronx County, New York.

6.  Upon information and belief, Defendant, Oliviero, was and is a business corporation, existing under the laws of the State of New York, with a principal place of business located at 850 7th Avenue, New York, New York 10019.

7.  Upon information and belief, Defendant, Harry Hongki Kim, is an owner, officer, director and/or managing agent of Oliviero, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Oliviero and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Oliviero.

8.  Defendant, Oliviero is a foreign corporation authorized to do business, and doing business, in New York.

9.  Oliviero is an employer under the Fair Labor Standards Act.

10. Oliviero employed plaintiff Edwin Zapata as defined by the Fair Labor Standards Act.

11. Plaintiff was employed by Oliviero and the individual defendant Harry Hongki Kim in New York County, New York as a kitchen assistant and cook, from in or about May 2013 2013 through January 2015.

12. At all relevant times, Oliviero was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times the work performed by Plaintiff was directly essential to the business operated by Oliviero.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about May 2013, Plaintiff, Edwin Zapata, was hired by Defendants to work as a kitchen assistant and cook for Defendants' restaurant known as Oliviero, located at 850 7th Avenue, New York, New York 10019.

18. Plaintiff, Edwin Zapata, worked for the Defendants between May 2013 through January 15, 2015, without interruption.

19. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked (6) days per week, approximately twelve (12) hours each workday. Plaintiff was paid a flat salary, in cash, which was inconsistent with his purported

"hourly rate". Work performed above forty (40) hours per week was not paid at time and one-half the plaintiff's regular rate as required by law.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees for work performed over forty (40) hours in a workweek.

21. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
**[Violation of the Fair Labor Standards Act]**

22. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "21" of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

26. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

28.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injury Plaintiff.

30.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and other employees sufficient to determine the wages, hours worked and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

31.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32.     Defendants misrepresented Plaintiff's rights and paid plaintiff and other similarly a flat salary for all hours worked, without paying an "overtime" premium.

33.     As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

34.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

35. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

36. Defendant, Harry Hongki Kim, is an individual who, upon information and belief, owns the stock of Oliviero, owns Oliviero, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COUNT II
### [Violation of the New York Labor Law]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

39. Defendants knowingly and willfully violated Plaintiffs rights by failing to pay overtime compensation at rates of not less than one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a workweek.

40. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked a shift of ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

41. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III

**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

44. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

45. Plaintiff was, at times, forced to sign an inaccurate accounting of his hours and hourly rate, yielding a false and misleading accounting of his hours worked, and hourly rate. He was not provided with a wage statement as required by law.

46. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff, Edwin Zapata, on behalf of himself and all other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(e)     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     Statutory penalties for failure to provide notices pursuant to the New York Wage Theft Prevention Act;

(h)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(i)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 24, 2015

                                          Respectfully submitted,

                                          CILENTI & COOPER, PLLC
                                          **Attorneys for Plaintiff**
                                          708 Third Avenue – 6th Floor
                                          New York, NY 10017
                                          T. (212) 209-3933
                                          F. (212) 209-7102
                                          pcooper@jcpclaw.com

By:                                _____
                                          Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Edwin Zapata_, am an employee formerly employed by _Café Oliviero_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
    _02/25_, 2015

_Edwin Zapata_

Sworn to before me this _25_ day of _February_ 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__